IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-01470-WDM-BNB

PHILIP C. BUTLER,

Plaintiff,

v.

SHAWN COMPTON,

Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

The plaintiff, who is proceeding *in forma pauperis*, has failed to comply with the Court's orders that he make monthly payments in partial satisfaction of the filing fee or show cause why he cannot make such payments. As a consequence, I respectfully RECOMMEND that this case be DISMISSED WITHOUT PREJUDICE.

The plaintiff is an inmate in the Huerfano County Correctional Facility. On September 14, 2005, he was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Section 1915 allows an indigent prisoner to bring an action without prepayment of filing fees. Id. at §1915(a)(1). The prisoner is required, however, to pay an initial partial filing fee and thereafter to "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account," until the full filing fee is satisfied. Id. at §1915(b)(1) and (2). This requirement is designed to deter frivolous prisoner litigation. E.g., Williams v. Roberts, 116 F.3d 1126, 1127-28 (5th Cir. 1997).

The order granting the plaintiff leave to proceed *in forma pauperis* states:

> FURTHER ORDERED that the plaintiff shall pay an initial partial filing fee of $19.00. Plaintiff shall have thirty (30) days from the date of this order in which to have the designated fee sent to the clerk of the court or show cause why he has no assets and no means by which to pay the designated initial partial filing fee. In order to show cause, the plaintiff must file a current certified copy of his trust fund account statement. . . .
>
> FURTHER ORDERED that, after payment of the initial partial filing fee, the plaintiff shall be required to make monthly payments of twenty percent (20%) of the preceding month's income credited to his trust fund account or show cause each month as directed above why he has no assets and no means by which to make the monthly payment. . . .
>
> FURTHER ORDERED that if within the time allowed the plaintiff fails to have the designated initial partial filing fee or monthly payments sent to the clerk of the court or to show cause as directed above why he has no assets and no means by which to pay the designated initial partial filing fee or make the monthly payments, the Prisoner Complaint will be dismissed without prejudice without further notice. . . .

*Order Directing Clerk to Commence Civil Action and Granting Plaintiff Leave to Proceed Pursuant to 28 U.S.C. § 1915*, entered August 4, 2005, pp. 2-3.

Consistent with that order, if the plaintiff has no income with which to make a particular month's filing fee payment, he may avoid making that payment by filing a certified copy of his inmate trust fund account statement demonstrating his lack of funds, together with an explanation of why he has no assets or means by which to make the payment. If the plaintiff fails to make a required monthly payment or fails to file an account statement showing that he cannot make that payment, the complaint may be dismissed.

On September 14, 2005, the plaintiff was allowed to proceed without paying his initial partial filing fee. However, he was warned that he must make monthly payments toward the filing fee or show cause each month why he cannot, and that failure to do so could result in dismissal of his case:

> FURTHER ORDERED that until the $250.00 filing fee is paid in full, Mr. Butler shall make monthly payments to the court of twenty (20) percent of the preceding month's income credited to his account or show cause why he has no assets and no means by which to make each monthly payment. . . .
>
> FURTHER ORDERED that if Mr. Butler fails to have the appropriate payment sent to the clerk of the court each month or to show cause each month as directed above why he has no assets and no means by which to make the monthly payment, the complaint may be dismissed without prejudice and without further notice.

*Order Allowing Plaintiff to Proceed Without Payment of Initial Partial Filing Fee*, entered September 14, 2005, pp. 2-3.

On September 28, 2005, the plaintiff filed a copy of his account statement which reflected his account status from June 2005 through September 2005.[1] *Plaintiff's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915*, filed September 28, 2005. After that, however, he failed to make the required monthly payments for October, November, and December 2005, and January 2006, and he failed to demonstrate why he had no assets or means by which to make those payments. Consequently, on January 26, 2006, I issued an order directing the plaintiff to make the required monthly payments or show cause why he could not. *Order Directing Plaintiff to Make Monthly Filing Fee Payment or to Show Cause*, issued January 26, 2006. I warned the

---

[1] The account statement was filed with a motion to proceed *in forma pauperis*. The motion was denied as moot because the plaintiff had already been granted leave to proceed *in forma pauperis. Minute Order,* dated October 5, 2005.

3

plaintiff that if he failed to comply with the Order his case could be dismissed without further notice.

On February 7, 2006, the plaintiff responded to the January 26 order by stating the following:

> On or about 8-20-2005 I Plaintiff gave permission to the correct staff, in inmate accounting to deduct 20% of any funds from my account when the account exceeds $10.00 Staff refused to respond to my demand to coroporate [sic] with 28 U.S.C. § 1915(b)(2). . . .[2]
>
> Plaintiff has done all that was possible to comply with court orders, I have no control over my funds as far as making deductions for my court cost. . . .

*Plaintiff's Respond* [sic] *to Maistrate* [sic] *Judge Boland* (the "Response"), ¶ 5.

In Cosby v. Meadors, 351 F.3d 1324 (10th Cir. 2003), the Tenth Circuit Court of Appeals addressed the issue of the failure of a civil rights plaintiff to comply with a district court's orders to make partial payments towards his filing fee or to show cause why he could not do so. In affirming the district court's order dismissing the case, the circuit court began its analysis by noting:

> The issue here is not money per se. . . . The issue, rather, is respect for the judicial process and the law. Plaintiff must lose his right to pursue his claim in court because of his utter unwillingness to make the minor sacrifices required by statute and by the repeated directives of a patient district court.
> \* \* \*
> These fee provisions are intended to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.

---

[2]Section 1915 provides that the correctional facility shall forward the payments to the clerk of the court only when the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2).

Id. at 1326-27 (internal citations and quotations omitted). Although the misconduct reported in the Cosby case was substantially more egregious than the misconduct here, the circuit court noted that its "review of Plaintiff's egregious misconduct should not be interpreted as suggesting that equally egregious misconduct is necessary to justify dismissal with prejudice." Id. at 1334.

The plaintiff here has failed to comply with the Court's orders of August 4, 2005, September 14, 2005, and January 26, 2006. Local rule of practice 41.1, D.C.COLO.LCivR, states:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge may enter an order of dismissal with or without prejudice.

Before recommending dismissal of a case under Fed. R. Civ. P. 41(b), I must consider and address the factors set forth in Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992), which include (1) the amount of actual prejudice to the opposing party; (2) the degree of interference with the judicial process; (3) the litigant's culpability; (4) whether the litigant was warned in advance that dismissal was a likely sanction; and (5) whether a lesser sanction would be effective. See Cosby, 351 F.3d at 1333.

I find that any prejudice suffered by the defendant as a result of the plaintiff's failure to comply with the Court's orders is minimal and, without more, would be insufficient to warrant dismissal.[3]  See Ehrenhaus, 965 F.2d at 921.

---

[3] I do note, however, that the purpose behind requiring prisoners to pay their filing fees is to deter frivolous prisoner litigation. Williams, 116 F.3d at 1127-28. Defendants, like the courts, are burdened by frivolous civil rights cases. Thus, civil rights defendants certainly are affected by noncompliance with filing rules that seek to decrease frivolous litigation.

With regard to the second factor, the plaintiff's continued failure to comply with Court orders has caused disruption in my docket. Rather than attending to the merits of this case and other cases, I have been required to devote attention to this plaintiff's failure to comply with Court orders and §1915(b). In addition, as noted in the Cosby case, the plaintiff's failure to comply with his obligation to make payments or show cause demonstrates a lack of respect for the judicial process and the law; it undermines the uniform application of the rules towards *in forma pauperis* litigants, many of whom comply with their obligations; and it substantially interferes with the ability of the Court to exercise its case administration authority. Where, as here, a party flaunts a court's orders or complies only when it is convenient, the fundamental mechanism by which justice is administered is harmed.

With regard to the issue of culpability, the plaintiff summarily attempts to place blame on the correctional facility by claiming that staff are not following his request to automatically deduct funds from his account. It is the plaintiff's responsibility to comply with the directives of section 1915 and with court orders, however. It is not the responsibility of the correctional facility. Although the correctional facility must cause the money to be deducted from the account, the plaintiff is responsible for determining if he has sufficient funds to make a deduction in the first place. If the plaintiff is without sufficient funds, he must show cause why he cannot pay. In order to show cause, he must file a current certified copy of his trust fund account statement. The plaintiff does not provide any discussion regarding whether he had sufficient funds to make a payment in October, November, and December 2005, and January 2006; he does not provide any copies of his trust fund account to prove whether he had sufficient funds; he does not suggest that he has attempted to cause copies of his account statement to be filed; and he does not suggest that

7

jail officials have interfered with his ability to file copies of his account statements.[4]  See Cosby, 351 F.3d at 1331.  In addition, I note that the plaintiff states that he gave the correctional facility permission to deduct funds from his account on one occasion--in August 2005.  He does not claim that he took any subsequent measures to ensure that the facility complied with his request.  The plaintiff alone is responsible for his noncompliance.

The plaintiff has had ample warning that his case would be dismissed for noncompliance with the payment or reporting requirements.  On August 4, 2005, the Court directed the plaintiff to pay his fee or show cause why he could not, and warned the plaintiff that if he failed to comply with the order his case would be dismissed.  On September 14, 2005, the plaintiff was allowed to proceed without payment of the initial partial filing fee; he was directed to make monthly payments toward his filing fee or show cause why he cannot; and he was warned that failure to comply with the order could result in dismissal of his case without further notice.  My Order of January 26, 2006, referred to the August 4 Order.  I again directed the plaintiff to make monthly payments or show cause why he could not, and I warned the plaintiff for the third time that failure to comply with the order could result in dismissal of his case without further notice.  Despite repeated warnings, the plaintiff failed to make any adequate showing excusing his failures to comply with this Court's orders to make his monthly payments or show cause why he could not.

Finally, I conclude that no sanction less than dismissal would be effective.  The plaintiff is proceeding *in forma pauperis*; consequently a monetary sanction would be ineffective.  Because the injury from the plaintiff's failures to comply principally is to the judicial system, and not the

---

[4]To the contrary, it is clear from the plaintiff's July 21 and September 28, 2005, filings that he is able to obtain copies of his account statement.

defendants, a sanction limiting the plaintiff's ability to present evidence would bear no substantial relation to the misconduct. Under these circumstances, I am convinced that dismissal of this case without prejudice is an appropriate sanction.

I respectfully RECOMMEND that the plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE pursuant to D.C.COLO.LCivR 41.1 for his failure to make monthly payments of twenty percent of his preceding month's income until his filing fee was paid in full, or show cause each month that he has no assets with which to make the monthly payment, all as directed by the Court's orders of August 4, 2005, September 14, 2005, and January 26, 2006.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated February 15, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge